CAROLYN S. RIGGS, Appellant-Respondent,
v.
LARRY L. RIGGS, Appellee-Petitioner.
No. 48A02-0512-CV-1190
Court of Appeals of Indiana.
December 22, 2006
JASON A. CHILDERS, Hulse Lacey Hardacre Austin & Shine, P.C., Anderson, Indiana, ATTORNEY FOR APPELLANT.
WILLIAM BYER, JR., Byer & Byer, Anderson, Indiana, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
MAY, Judge.
Carolyn Riggs appeals the valuation, inclusion, and distribution of the marital assets pursuant to her divorce from Larry Riggs. Carolyn argues the motor home should have been valued at the purchase price or at her estimated depreciated value, instead of Larry's lower estimated depreciated value. As the trial court valued the motor home within the range of the estimated values, we find no abuse of discretion in the valuation of that asset.
Carolyn also argues an Edward Jones Account was improperly attributed to her because the account was a gift to her daughter and she does not have access to it. However, the record indicates she and her daughter hold the account jointly. Because we will not reweigh the evidence, we find no abuse of discretion in the inclusion of that asset in the marital estate.
Carolyn and Larry's martial estate was distributed equally between them. Carolyn challenges the equal distribution of the marital property. Carolyn argues she presented sufficient evidence to rebut the presumption of an equal distribution pursuant to Ind. Code § 31-15-7-5. Because the presumption of equal distribution was not rebutted, the court did not abuse its discretion in distributing the estate.
Accordingly, we affirm.

FACTS AND PROCEDURAL HISTORY
Carolyn and Larry were married in September 1959. They separated in November 2001. Three children were born to the marriage, all of whom were emancipated at the time of the final hearing. Larry's monthly income is $2,144.50, which includes Social Security and a retirement pension. Larry is unemployed and has no future employment plans due to his health. Carolyn's monthly income is $482.80 from Social Security. Carolyn has been unemployed since 1984 due to her health.
Each party was awarded the personal property in his or her possession, except that Larry was also awarded a retirement clock, Larry's father's old clock, replacement awnings for the mobile home, a bicycle and bicycle carrier, and a toy box. Carolyn was awarded real estate valued at $45,000, a 2002 Cavalier valued at $9,500, a 1993 Oldsmobile valued at $1,200, an IRA/Merrill Lynch account valued at $6,000, a portion of Larry's IRA/Merrill Lynch account valued at $34,000, an Edward Jones account valued at $10,000, a Credit Union account valued at $400, a Star Bank account valued at $5,000, and a combination of Star Financial Bank accounts valued at $5,799.98. She was also awarded attorney fees of $1,800 and half of Larry's retirement pension valued at $549.75 per month. The total value of martial property awarded to Carolyn is $116,899.98. Her monthly income, including social security and half of Larry's pension, will be $1,032.55.
Larry was awarded a motor home valued at $55,746, a 2004 Jeep valued at $17,000, a 1977 Century boat valued at $1,000, a 1996 motorcycle valued at $4,000, a trailer valued at $3,500, and an IRA/Merrill Lynch account valued at $35,000. The total value of marital property awarded to Larry is $116,246. Larry's monthly income will be $1,594.75, which includes Social Security and his portion of his monthly retirement pension.
DISCUSSION AND DECISION
Carolyn claims the Court erred in its valuation of the motor home, by including the Edward Jones account in the marital estate, and by failing to grant her request for unequal distribution of the marital estate.

1. Valuation of Motor Home
The valuation of marital assets is an exercise of the trial court's broad discretion and will be reversed only for abuse of discretion. McCord v. McCord, 852 N.E.2d 35, 46 (Ind. Ct. App. 2006). We will not reweigh the evidence and all evidence will be considered in the light most favorable to the trial court's disposition. Eye v. Eye, 849 N.E.2d 698, 701 (Ind. Ct. App. 2006). We will reverse only if the trial court's conclusion was clearly against the logic and effect of the evidence presented. Id.
Carolyn argues the motor home should have been valued at the purchase price of $99,000 or her estimated depreciation value of $80,000. We disagree.
When the value of martial property is in dispute, the trial court does not abuse its discretion if it values the property within the range of values supported by evidence. McCord, 852 N.E.2d at 46. Carolyn produced evidence the motor home's depreciated value was $80,000. Larry produced evidence the depreciated value of the motor home was $55,746. Larry testified Carolyn's valuation was inaccurate because she included "add-ons" the motor home did not have. The trial court assigned the value Larry presented. Therefore, the trial court valued the property within the range of values presented and did not abuse its discretion.

2. Inclusion of Edward Jones Account in the Estate
The inclusion of assets in the marital estate is an exercise of the trial court's broad discretion and will be reversed only for abuse of discretion. McCord, 852 N.E.2d at 46. We will not reweigh the evidence and all evidence will be considered in the light most favorable to the trial court's disposition. Eye, 849 N.E.2d at 701. We will reverse only if the trial court's conclusion was clearly against the logic and effect of the evidence presented. Id.
Carolyn argues the trial court improperly assigned the Edward Jones Account to her because it was a gift to her daughter, and thus was not a marital asset. Carolyn testified she did not have access to the account and it was a mistake that her name was on it. The trial court chose not to believe that portion of her testimony, and we will not judge her credibility. The record reflects Carolyn is a joint holder of the account. Therefore, the trial court's finding that the account was a martial asset was not clearly against the logic and effect of the evidence presented.

3. Division of Assets
Carolyn argues the trial court's equal distribution was erroneous. To support this claim, she asserts she inherited a substantial portion of the estate, there is an economic disparity between her monthly income and Larry's, and she does not have the ability to acquire future employment. Carolyn asserts that the evidence requires she receive a greater share of the assets. We disagree.
The distribution of marital assets is an exercise of the trial court's broad discretion and will be reversed only for an abuse of discretion. In re Marriage of Davidson, 540 N.E.2d 641, 643 (Ind. Ct. App. 1989), reh'g denied. Evidence will not be reweighed and will be considered in a light most favorable to the judgment. Eye, 849 N.E.2d at 701. We will reverse for an abuse of discretion only if we find the trial court's conclusion was clearly against the logic and effect of the evidence presented, the trial court misinterpreted the law, or the court disregarded evidence of the factors listed. Id.
Ind. Code § 31-15-7-5 states that an equal distribution of martial property is presumed just and reasonable. Since factors that may taken into consideration to prove an equal distribution would not be just and reasonable include:
(1) The contribution of each spouse to the acquisition of the property regardless of whether the contribution was income producing.
(2) The extent to which the property was acquired by each spouse:
(A) before the marriage; or
(B) through inheritance or gift.
(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
(5) The earnings or earning ability of the parties as related to:
(A) a final division of property; and
(B) a final determination of the property rights of the parties.
Ind. Code §31-15-7.5.
To rebut the presumption of an equal distribution, Carolyn presented evidence she used her inheritance to acquire the motor home for $99,000. Larry does not dispute that the motor home was purchased for $99,000. However, he does dispute the extent to which the motor home was paid for with Carolyn's inheritance. The record reflects the money used to purchase the motor home came from co-mingled funds. The record does not demonstrate the inheritance was kept separate. Larry argues Carolyn cannot rebut the presumption of equal distribution because her inheritance was not kept separate, citing Castaneda v Castaneda, 615 N.E.2d 467 (Ind. Ct. App. 1993).[1]
Whether property was co-mingled is not a factor listed in Ind. Code § 31-15-7-5 to rebut the presumption of equal distribution. Eye, 849 N.E.2d at 703. Therefore, the fact that the inheritance was not kept separate does not automatically indicate that the presumption was not rebutted. Id. Accordingly, we will consider the remaining relevant factors in Ind. Code § 31-15-7-5.
The third factor deals with the economic circumstance of each spouse at the time the disposition of the property is to become effective. At the time of dissolution Carolyn and Larry will each have a home and transportation. Carolyn will have financial accounts valued at approximately $60,000 and Larry will have a financial account valued at $35,000. There is nothing else in the record concerning Carolyn's economic circumstance other than her earning ability, which we discuss below. Given this evidence, Carolyn's economic circumstance is not so different from Larry's as to justify an unequal division in her favor.
The last relevant factor is the earnings or earning ability of the parties as related to the final division of the property and the final determination of the property rights of the parties. Carolyn has not worked in the past twenty years and will not work in the future. Therefore, Carolyn's earning ability is minimal. Larry has consistently worked in the past, but he is currently not working and does not anticipate being able to return to work. Therefore, Larry's earning ability is also minimal.
Carolyn presented evidence that Larry's monthly income is $2,144.45, while her monthly income is $482.80. However, the trial court ordered Larry to pay Carolyn half of his monthly pension to equalize the disparity in their monthly incomes. In light of this evidence, Carolyn has not demonstrated an unequal division of the martial property would be justified based on the earnings and earning ability of the parties.
The only evidence supporting unequal division is Carolyn's contribution to the acquisition of their marital property with her inheritance. However, we do not know the extent to which the property was acquired with Carolyn's inheritance, because the inheritance was co-mingled with other marital funds. In light of the economic circumstances of the parties and because no other evidence supports unequal distributions, we cannot find the trial court abused its discretion in declining to find Carolyn has rebutted the presumption that an equal division of forty-two years worth of martial assets would be just and reasonable.

CONCLUSION
The trial court did not abuse its discretion by including the Edward Jones account or when valuing the motor home. Carolyn did not rebut the presumption that an equal distribution is fair and just. Therefore we affirm.
Affirmed.
BAKER, J., and SULLIVAN, J., concur.
NOTES
[1] Therein we held it is within the sound discretion of the trial court to set aside an inheritance when dividing the marital estate if the inheritance was never co-mingled. 615 N.E.2d at 470.